```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

ROGER BELL,

    PLAINTIFF,

v.                                    CIVIL ACTION NO. 1:03-2065

ACROWOOD CORPORATION,
a Washington corporation,

    DEFENDANT.

## MEMORANDUM OPINION AND ORDER

By Judgment Order dated September 28, 2004, the court granted the motion to dismiss for lack of personal jurisdiction and improper venue filed by defendant Acrowood Corporation ("Acrowood").  Pending before the court is the motion to alter or amend judgment of dismissal and to transfer filed on behalf of plaintiff Roger Bell ("Bell") on October 6, 2004 (Doc. No. 45).  For the reasons more fully discussed below, plaintiff's motion is **DENIED**.

### Background

This action arose out of injuries Roger Bell sustained on October 29, 2001, while performing maintenance on a 78" 8-knife veneer chipper with feedwalls which was manufactured by the defendant (Complaint ¶ 5).  The plaintiff fell while attempting to remove the chipper's metal cover.  The accident occurred during the course of plaintiff's employment with Woodtech, Inc. at the company's Tazewell County, Virginia facility (Id. ¶¶ 5-6).

On August 13, 2002, Bell filed a complaint against Acrowood which included claims for strict liability, negligence, and breach of warranty. He sought damages in excess of $75,000.00 for hospital and medical care, lost wages, and punitive damages (Id. ¶¶ 22-24).

Thereafter, the defendant filed a motion to dismiss alleging that the court lacked personal jurisdiction over it and that venue was improper in the Southern District of West Virginia. In granting the motion to dismiss, the court determined that it did not have personal jurisdiction over Acrowood as the company did not have contacts of a sufficient quality with West Virginia to justify requiring it to defend a suit there. See Memorandum Opinion dated September 28, 2004 at 10 (hereinafter "Mem. Op. at __"). The court also determined that venue was improper in the Southern District of West Virginia because the defendant was not a state resident, not subject to personal jurisdiction there, and none of the events giving rise to the action took place in the state. See id. at 10-11.

### Motion to Alter or Amend Judgment

The plaintiff has filed a motion pursuant to Federal Rule of Civil Procedure 59(e) seeking to alter or amend the court's judgment to dismiss his case. He requests that the court transfer his case to the Western District of Virginia rather than affirming its earlier dismissal.

In opining on the propriety of granting a motion to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002)(citation omitted); see also United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002), cert. denied, 538 U.S. 1012 (2003); Ohio Valley Envtl. Coalition v. Bulen, No. 3:03-2281, 2004 U.S. Dist. LEXIS 17439, at *8 (S.D.W. Va. Aug. 31, 2004).  The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l. Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D.W. Va. 1999)(citation omitted).

The facts surrounding the plaintiff's motion do not fall within the limited circumstances under which a Rule 59(e) motion may be granted as enunciated by the Fourth Circuit.  Bell's motion does not raise evidence unavailable at trial, stem from an intervening change in the applicable law, or allege that a clear error of law has been made.  See Hill, 277 F.3d at 708.  The only remaining basis for granting this motion is the possibility that

the court's failure to do so would result in manifest injustice to the plaintiff.

The plaintiff asserts that the court should amend its judgment dismissing his case and transfer it to the Western District of Virginia, pursuant to 28 U.S.C. § 1404(a), because that district is the proper venue for the claim and that court would have personal jurisdiction over the defendant.  He argues that the court should grant his motion and transfer his case "for the convenience of the parties and witnesses and in the interest of justice."  Mot. to Alter or Amend J. of Dismissal and to Transfer at 2.  The issue before the court is thus whether plaintiff would suffer a manifest injustice if the court were to refuse to transfer his case.

### Transfer and the Interest of Justice

28 U.S.C. § 1406(a) addresses situations where a transfer of venue is requested to relocate a claim that has been filed in an improper forum.  That section provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a) (2004).

Transfer under either provision is within the discretion of the district court whose ruling will be reversed only for a clear abuse of discretion.  <u>Nichols v. G.D. Searle & Co.</u>, 991 F.2d 1195, 1201-02 (4th Cir. 1993); <u>Cote v. Wadel</u>, 796 F.2d 981, 985

(7th Cir. 1986).  The Court of Appeals for the Fourth Circuit has further stated that:

> a district court does not abuse its discretion when it denies, *as not in the interest of justice*, a plaintiff's motion under section 1406(a) or section 1404(a) to transfer a case from an improper forum because the plaintiff's attorney could reasonably have foreseen that the forum in which he/she filed was improper.

Nichols, 991 F.2d at 1202 (emphasis added).  Thus, the interests of justice are not offended when a district court refuses to transfer a case filed in an improper venue when it was reasonably foreseeable that the venue in which the case was filed was improper.  "[T]his principle applies even where the district court dismissed the action based on the absence of personal jurisdiction, and a subsequent action would be barred based on the statute of limitations." Landers v. Dawson Constr. Plant, Ltd., No. 98-2709, No. 98-2763, 1999 U.S. App. LEXIS 28474, at *7 (4th Cir. 1999) (unpublished).

As discussed in Nichols, the purpose of allowing plaintiffs to transfer their cases from courts where venue is improper is "avoiding the injustice which [has] often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." Nichols, 991 F.2d at 1201 (quoting Goldlawr, Inc. v. Heinman, 369 U.S. 463, 466 (1962)).  However in this case the mistake of the plaintiff's attorney was not the result of a guess with regard to

5

an "elusive fact" as described above.  The plaintiff's attorney could have reasonably foreseen that venue would be improper in the Southern District of West Virginia because the facts of the claim did not meet the requirements for venue under 28 U.S.C. § 1391(a).

    The venue provisions state that when jurisdiction in a civil action is based solely on diversity of citizenship the case may only be brought in a district where (1) any defendant resides if they all reside in the same state; (2) a substantial part of the events underlying the cause of action occurred; or (3) the defendant is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(a).  Thus, while injustice may occur when a court refuses to transfer a case filed in an improper venue if the venue question hinges on facts relating to those requirements that have yet to be ascertained or are ambiguous, no such offense occurs in a case where the facts relevant to the determination of venue are known such that the plaintiff's attorney could have reasonably foreseen that the requirements of 28 U.S.C. § 1391(a) would not be met in the jurisdiction where he intends to file the claim, but proceeds to do so nonetheless.

    In this case the defendant did not reside in West Virginia, none of the events giving rise to the cause of action took place in West Virginia, and personal jurisdiction over the defendant in West Virginia was unlikely given the tenuous nature of the

defendant's contacts with the state (Mem. Op. at 7-10). In light of these facts the plaintiff's attorney could have reasonably foreseen that jurisdiction would not be proper in the Southern District of West Virginia when the claim was filed.

The proposition that it was reasonably foreseeable that venue would not be proper in the Southern District of West Virginia when the claim was filed is even stronger when juxtaposed against the virtual certainty that venue was proper in the district where the plaintiff now seeks to have the case transferred. <u>See</u> Mem. of Law in Supp. of Mot. to Alter of Amend J. at 4-8. The reasoning of the Fourth Circuit when affirming the decision of a district court to deny a motion similar to that of the plaintiff in the instant case is persuasive:

> Given that at the time this suit was filed, appellants knew that venue was most assuredly proper in the Middle District but at best questionable in the Eastern District, it cannot be said that the district court abused its discretion in refusing to transfer the case to the Middle District.

<u>Pacas v. Showell Farms, Inc.</u>, Nos. 95-1811, 95-2784, 1996 U.S. App. LEXIS 8751, at *6-7 (4th Cir. 1996)(unpublished). Because the plaintiff's attorney could have reasonably foreseen that venue was improper in the Southern District of West Virginia, almost certainly proper in the Western District of Virginia, but nonetheless filed the plaintiff's claim in this court where venue was indeed improper, the court has the discretion to refuse to

7

transfer this case to the Western District of Virginia and such a decision does not offend the interests of justice.

The interests of justice are further protected by the fact that the plaintiff could still have his claim decided on the merits by utilizing Virginia's savings statute, VA CODE ANN. § 8.01-229.  As the claim was filed in an improper venue before the statue of limitations had expired it would be eligible for protection under this statute (Mem. of Law in Supp. of Mot. to Alter of Amend J. at 2).  See Strickland v. Simpkins, 273 S.E.2d 539 (Va. 1981)(generally explaining VA CODE ANN. § 8.01-229(E)(1)); Welding, Inc. v. Bland County Serv. Auth., 541 S.E.2d 909, 912 (Va. 2001)("There is no language in Code § 8.01-229(E)(1) which limits or restricts its application to a specific type of action or precludes its applicability to actions filed in a federal court.").  Even if the plaintiff were not eligible for protection under VA CODE ANN. § 8.01-229(E)(1), the court would still be justified in refusing to transfer this case by virtue of the fact that it was reasonably foreseeable that venue would be improper in the Southern District of West Virginia when the claim was filed.

The court also notes that the plaintiff's decision to file his claim in the Southern District of West Virginia in light of the reasonable foreseeability that venue was doubtful therein while it was much more certain in the Western District of Virginia has forced both the defendant and the judicial system to

8

unnecessarily expend resources considering the case in the Southern District of West Virginia. Thus, the policy of encouraging judicial economy is served by denying the plaintiff's motion. See Nichols, 991 F.2d at 1201.

Because plaintiff (1) filed his case in the Southern District of West Virginia, despite his ability to reasonably foresee that venue would be improper therein, (2) knew that venue would most likely be proper in the Western District of Virginia, and (3) likely could refile his case pursuant to Virginia's savings statute, the ends of justice are not served by the granting of plaintiff's motion.

## Conclusion

For the aforementioned reasons, plaintiff Bell's motion to alter or amend judgment of dismissal and to transfer is **DENIED**. The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 29th day of July, 2005.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge

9